## THE TORRINGTON COMPANY

vs.

## WILLIAM H. HACKETT, TAX COMMISSIONER

Superior Court          Hartford County          File #57848

MEMORANDUM FILED MARCH 8, 1938.

Roraback & Roraback, of Torrington, for Appellant.

Charles J. McLaughlin, Attorney General; Dennis P. O'Con-

nor, Deputy Attorney General, for the Appellee.

INGLIS, J.   To the plea in abatement the plaintiff has filed a general denial.   On the hearing no evidence was offered and it was understood that the matter should be decided on undisputed facts as they appear on the record.

It appears that the plaintiff in September of 1936, made a return to the State Tax Commissioner as provided by the Corporation Business Tax Act of 1935 for its fiscal year ending June 30, 1936 and included therein, as income, dividends which it had received on stock in foreign corporations wholly owned by it.   It paid the tax thereon on September 25, 1936.

After the decision in *Stanley Works vs. Hackett,* 122 Conn. 547, holding that such dividends should be allocated as income earned outside of the State, the plaintiff requested a hearing by the Tax Commissioner and such a hearing was had on January 25, 1938.   On January 31, 1938, the Tax Commissioner notified the plaintiff of his refusal to correct the return and on February 15, 1938 this action, the first count of which is in the nature of an appeal from that decision, was instituted.

So far as this action is an appeal from the Tax Commissioner, it is purely a statutory action and the statute which authorizes it must be complied with strictly.   That statute is section 435c of the Cumulative Supplement to the General Statutes (1935), and reads as follows:   "Any taxpayer aggrieved because of any tax laid under the provisions of this chapter may, within one month from the time provided for the payment of such tax, take an appeal therefrom to the superior court for Hartford county . . . ."

It is to be noted that the appeal must be taken within one month from the time provided for the "payment" of the tax. The Act provides that in the first instance the taxpayer shall practically figure its own tax on its return and pay it.   It then provides that the Tax Commissioner shall examine the return to discover any errors.   If he finds that an error has been made he shall notify both the taxpayer and comptroller thereof.   If the error has been in favor of the State the comptroller shall refund to the taxpayer.   If it has been in favor

of the taxpayer it shall pay such additional tax as shall be found due by the Tax Commissioner within thirty days of the mailing of the notice to it.

The Act does provide for a hearing by the Tax Commissioner upon the application of any taxpayer aggrieved by the action of the Commissioner in fixing the amount of the tax or imposing any penalty. That provision, however, has no bearing on the question in this case as to when the appeal to the Superior Court must be taken for two reasons. The first reason is because in this case there had been no "action of the commissioner in fixing the tax." The amount of the tax was fixed by the plaintiff's own return and has remained so fixed. The second reason is that the section providing for an appeal does not start the running of the time in which that appeal is to be taken from the time of the hearing by the Tax Commissioner or from the time of his decision after such hearing, but rather from the time which is provided for the payment of the tax.

A careful reading of the Act discloses that it makes no provision for and apparently does not contemplate any appeal to the Superior Court by a taxpayer from the tax which it shows to be due by its own return, unless possibly it discovers an error in that return and starts its appeal within one month after the tax is made due by the Act, namely, ninety days after the expiration of its fiscal year. It is easy to understand why the Legislature should so provide. It is, of course, desirable that the amount of the tax should be fixed at as early a time as possible. It is fair to assume that when a corporation makes its return it will make it as favorable to itself as the law justifies. If a mistake in favor of the State is made the Act permits the Tax Commissioner to direct a refund and that plus such other remedies as the law allows might well be considered adequate for the protection of a taxpayer against its own mistakes. It was, of course, obvious that the State should not be bound by the taxpayer's own return and, therefore, the Tax Commissioner was given three years in which to discover any claimed errors in the return which prejudiced the State and to assess any additional tax. It is evident that the Legislature deemed it wise or necessary to provide for an appeal to the courts from such an additional assessment made by the Tax Commissioner but did not consider it necessary to provide for an appeal from an assessment which, in effect, the taxpayer had made upon itself.

For the reason, therefore, that this action, so far as it is an appeal under section 435c of the Cumulative Supplement to the General Statutes (1935), was not brought within one month from the time provided for the payment of the tax in question, it should be abated.

The fourth ground of the plea in abatement is not well taken. It appears on the writ that a recognizance was taken and it is properly noted.

The second count of the complaint is not, and does not purport to be, an appeal under the statute. Just what its nature is, is not clear but it certainly is not an appeal brought under section 435c of the Cumulative Supplement to the General Statutes (1935). It therefore is not susceptible of attack on the grounds stated in the plea in abatement.

For the foregoing reasons the plea in abatement is sustained as to the cause of action set forth in the first count of the complaint but is overruled as to the second count of the complaint.

Judgment may enter dismissing the first count of the complaint and that the defendant recover from the plaintiff his costs on this plea in abatement.